William R. Brennan, Jr., J.
By this proceeding under article 78 of the Civil Practice Act, petitioner (a contractor for the erection of dwellings on the premises involved) seeks an order *289 in the nature of mandamus directing the respondent Building Inspector to issue certain building permits. Bespondent’s answer and return are before the court.
Some time prior to May 15,1962, a corporation associated with the petitioner became the owner of a plot of land at Westbury, Town of Hempstead, on which it proposed, through its contractor, the petitioner, to erect houses on plots of peculiar shape (shown on petitioner’s exhibit as plots 1, 2, 3, 4 and 5) so laid out as to make provision for the greatest possible number of plots consistent with compliance with the applicable zoning law of the town. On May 15, 1962, the Town of Hempstead adopted an amendment to its zoning ordinance intended to prohibit similar layouts of land in so-called ‘1 pot-handle ” or “ flag-shaped ” plots. Petitioner’s applications for building permits were filed on May 11, 1962, and following service of a copy of the amended ordinance on petitioner, the building permits were refused on May 18, 1962, as being not in compliance with the amended ordinance. Petitioner claims no vested rights in the issuance of the permits and appears to have none (Matter of Kasbay Homes, Inc., N. Y. L. J., July 20, 1962, p. 6, col. 6, Supreme Ct., Nassau County, Widlitz, J., and cases there cited).
In support of this application, however, petitioner urges that the amendment of May 15, 1962 is unconstitutional and void for two reasons.
First, it is argued, the amendment is invalid in that it illegally delegates to the Nassau County Planning Commission power to enact zoning legislation for the Town of Hempstead. The amended section of the zoning ordinance reads in full as follows: “ Sec. B-10.1. No dwelling or other building shall be constructed on a lot unless (1) it contains an area of not less than six thousand (6,000) square feet and has a minimum width of fifty-five (55) feet at the front setback line and (2) either has a minimum width of forty (40) feet from and on the street line to the front setbacic line, or is a lot designated on a plat heretofore or hereafter duly filed in the Office of the Cleric of the County of Nassau County. The maximum lot or plot width and area and frontage regulations herein set forth shall not apply to any lot or plot having an area and/or width and/or frontage of less than that prescribed herein, provided such lot or plot has an area of at least four thousand (4,000) square feet and was under different ownership from that of any adjoining land on October 25, 1957, and provided further that such lot or plot and any adjoining land did not come into common ownership since that date.” (Italics added.) By this amendment the Town Board has, in addition to the former requirements, established a *290 minimum width of 40 feet on the street line, but has carved out an exception to this new requirement. It is this exception which, petitioner argues, invalidates the entire amendment. Since a subdivision plat plan cannot be filed in the office of the Clerk of the County of Nassau without prior approval of the County Planning Commission (Nassau County Government Law, § 1610; L. 1936, ch. 879, as amd.), the effect of the exception contained in the amendment is to delegate to the County Planning Commission the power to approve subdivisions with plots with street frontages of less than 40 feet. As there are no specific standards set forth in the amendment for the purpose of guiding the Planning Commission, petitioner argues that the delegation is unlawful.
Petitioner acknowledges that section 265-a of the Town Law denies to the towns the right to change lot areas and dimensions on lots existing on subdivision plats already filed with the County Clerk, and to the extent that the amended ordinance exempts such lots from the new restrictions it is consistent with the statute and accordingly authorized. Petitioner argues, however, that the exemption in the ordinance applies not only to subdivision plats already filed, but also to subdivision plats hereafter filed, and it is this exemption which is alleged to constitute the unlawful delegation of legislative power.
The court finds, however, that notwithstanding the lack of standards in the ordinance, there are other standards imposed by law which are of sufficient guidance to the Planning Commission to withstand constitutional attack. Subdivision 5 of section 280-a of the Town Law, requiring “ access ” to a street or highway, defines said word as “ sufficient frontage thereon to allow the ingress and egress of fire trucks, ambulances, police cars and other emergency vehicles ”. Under the section, therefore, the County Planning Commission could not effectively approve a subdivision plat unless the access standards were met. Accordingly, there is no unlawful delegation.
Secondly, petitioner argues that the amendment of May 15, 1962 is invalid because it seeks to impose restrictions on the frontage of plots beyond those fixed by subdivision 5 of section 280-a of the Town Law. Said section provides as follows: “ 5. For the purposes of this section the word “ access ” shall mean that the plot on which such structure is proposed to be erected directly abuts on such street or highway and has sufficient frontage thereon to allow the ingress and egress of fire trucks, ambulances, police cars and other emergency vehicles, and, a frontage of fifteen feet shall presumptively be sufficient for that purpose,” (As amd, by L. 1954, ch. 750; L. 1958, ch. *291 334, eff. March 24, 1958.) This contention seems completely answered by section 269 of the Town Law which reads in part as follows: ‘ ‘ Wherever the regulations made under authority of this article require a greater width or size of yards or courts, or require a lower height of building or less number of stories, or require a greater percentage of lot to be left unoccupied, or impose other higher standards that are required in any other statute or local ordinance or regulation, the provisions of the regulations made under authority of this article shall govern. Whenever the provisions of any other statute or local ordinance or regulation require a greater width or size of yards or courts, or require a lower height of building or a less number of stories, or require a greater percentage of lot to be left unoccupied, or impose other higher standards, than are required by the regulations made under authority of this article, the provisions of such statute, or local ordinance or regulation shall govern.” Nothing in section 280-a of the Town Law indicates any legislative intention to prohibit the Town Board from enacting higher standards for street frontage of building plots than those prescribed by that section.
The court has assumed that petitioner is a proper party to make this application.
The court concludes that the papers before it fail to establish that the petitioner is entitled to the relief it seeks, and the petition is accordingly dismissed on the merits, but without costs.